UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| SCOTT E. WEST, ) | |
| ) | |
| Plaintiff, ) | 3:07-cv-00132 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| MICHAEL J. ASTRUE, ) | [Re: Motions at Docket 27 and 28] |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

## I.  MOTIONS PRESENTED

At docket 27, counsel for plaintiff, Paul B. Eaglin ("Eaglin"), moves for an award of attorney's fees under 42 U.S.C. § 406(b).  Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"), opposes the motion at docket 30. Eaglin replies at docket 31.  At docket 28, plaintiff Scott E. West ("West") moves for an award of attorney's fees under 28 U.S.C. § 2414(d), which the Commissioner does not oppose.  Neither party has requested oral argument, and it would not assist the court.

## II.  BACKGROUND

The factual and procedural background of this matter is set forth at docket 25 and will not be repeated here.  This court granted West's motion for summary judgment at docket 25 on May 20, 2008, and remanded the matter to the Social Security Administration ("SSA" or "agency") for payment of benefits effective July 28, 2003.

Following this court's remand order, Eaglin and West each filed a motion for attorney's fees. In the first motion, at docket 27, Eaglin seeks attorney's fees under the SSA, 42 U.S.C. § 406(b), "in an amount that is one-fourth of past-due benefits, which is the contingent fee arrangement agreed to by . . . an attorney-client contract."[1] The Commissioner opposes this motion on various ground, arguing, *inter alia*, that the motion is premature because the SSA has not yet calculated West's past-due benefits.[2] Eaglin has established that the fee is contemplated by the fee agreement between West and himself.[3] Eaglin concedes in reply that the motion may be premature, but notes that the law is unclear when such a motion becomes ripe.[4]

In the second motion, at docket 28, West seeks attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2414(d), in the amount of "$2563.48 to be paid directly to plaintiff's attorney calculated at the hourly rate of $166.46, which was the EAJA rate for this region for the time period of these activities."[5] The Commissioner does not oppose this motion. The court addresses West's EAJA motion first.

### III. DISCUSSION

**A. West's EAJA Motion for Attorney's Fees**

West seeks attorney's fees pursuant to the EAJA, which is a fee statute that endeavors to diminish the deterrent effect of seeking review of, or defending against, governmental action in federal court.[6] The EAJA provides, in relevant part:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other

---

[1]Docket 27 at 1.

[2]Docket 30 at 2-3.

[3]Attachment to Docket 27.

[4]Docket 31 at 2 (citing *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006) (discussing timeliness of motions for attorney's fees under § 406(b) and interaction between § 406(b) and Fed. R. Civ. P. 54) and ).

[5]Docket 28 at 1.

[6]*See Sullivan v. Hudson*, 490 U.S. 877, 883 (1989).

-2-

than in cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[7]

The prevailing party must not be worth more than two million dollars at the time the action was filed and must have incurred such fees and other expenses in the civil action in which it prevailed.[8] Because these conditions have been met,[9] the Commissioner does not oppose West's EAJA motion for attorney's fees or the amount specified therein. Therefore, West's motion for attorney's fees under the EAJA at docket 28 is granted.

**B. Eaglin's Motion for Attorney's Fees under 42 U.S.C. § 406(b)**

Eaglin seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of 25 percent of plaintiff's past-due benefit award. That award, however, has not yet been calculated, and this court is unable to award fees under § 406(b) at this time. The Social Security Act authorizes a federal district court to award attorney's fees for representation before the court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of appropriate fees."[10] "[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."[11] However, a contingency-fee agreement that provides for fees in excess of the ceiling imposed by Congress, 25 percent of past-due benefits, is per se

---

[7] 28 U.S.C. § 2412(d)(1)(A).

[8] *Id.* §§ 2412(a)(1) and (d)(2)(B).

[9] *See* Attachments to Docket 28.

[10] *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

[11] *Gisbrecht*, 535 U.S. at 807; *see also Crawford v. Astrue*, --- F.3d ----, 2008 WL 4352375, at **2-3 (9th Cir. 2008).

unreasonable.[12] If the contingency-fee agreement is at or below the 25 percent ceiling, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered.[13]

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable.[14] A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved.[15] To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case.[16] Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits.

Courts may award attorney's fees to prevailing claimants and their attorneys under both the EAJA and § 406(b), but should not permit a double recovery.[17] When both awards are granted, the attorney must refund the lesser award to the client.[18] "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits."[19] Attorney's fees under § 406(b) are paid by the agency directly to the attorney out of

---

[12] *See id.*; *see also* 42 U.S.C. § 406(b)(1)(A).

[13] *Gisbrecht*, 535 U.S. at 807; *see also Crawford*, --- F.3d ----, 2008 WL 4352375, at *3.

[14] *Id.*

[15] *Id.* at 808.

[16] *Id.*

[17] *Gisbrecht*, 535 U.S. at 796.

[18] *Id.*

[19] *Id.* (quotations and ellipses omitted).

-4-

past-due benefits awarded.[20]  Here, although Eaglin's fee arrangement appears to be at the 25 percent ceiling imposed by 42 U.S.C. § 406(b), the reasonableness of the § 406(b) award cannot be determined because the agency has not yet calculated West's past-due benefits.  Eagling concedes that the motion is not yet ripe.[21]  Accordingly, Eaglin's motion for fees under § 406(b) will be denied without prejudice because it is premature.  Eaglin may reassert the motion once the agency calculates past-due benefits.

## V.  CONCLUSION

For the above reasons, West's motion at docket 28 is **GRANTED,** and Eaglin's motion at docket 27 is **DENIED** without prejudice.

DATED at Anchorage, Alaska, this 14th day of October 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[20] 42 U.S.C. § 406(b); *see also* 20 C.F.R. § 404.1720(b)(4).

[21] Docket 31 at 2.